QUINTARD v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. May 29, 1900.)

1. MUNICIPAL CONSOLIDATION—COUNSELOR—SUBORDINATE OFFICIALS.

Laws 1880, c. 284, provides that the board of charities and corrections of Kings county may appoint and remove officers, subordinates, and assistants. In 1890 plaintiff was appointed by the board as its counsel. Laws 1895, c. 954, consolidates Kings county and the city of Brooklyn, and continues such department of the county as a department of the city, with the same powers. Plaintiff continued to act as counsel therefor. Greater New York Charter, § 1536, which took effect January 1, 1898, provides that a plan of transfer and apportionment shall be made of all subordinates and employés in every branch of the public service of the former municipal corporations, so that each may perform the same service in the same part of the city, as nearly as may be. The counsel to such board was thereunder transferred to the law department of the city of New York, and assigned to duty in the borough of Brooklyn. *Held*, that plaintiff was a subordinate of the board of charities and corrections, within the meaning of such charter, and was entitled to assignment to duty in the law department of the city of New York in the borough of Brooklyn.

2. SAME—BOARDS—COUNSEL—APPOINTMENTS:

Laws 1880, c. 284, provides that the board of charities and corrections of Kings county may appoint and remove officers, subordinates, and assistants. In 1890 such board appointed plaintiff as its counsel. Laws 1895, c. 954, consolidating such county and the city of Brooklyn, provided that such board should continue as a board of the city, with the same powers and duties. Brooklyn charter provided that the law business of the city should be transacted by its law department. Thereafter plaintiff continued to act as such counsel. *Held*, that the act of 1880 empowered such board to employ him as counsel, and that such power was not taken away by the consolidation act, nor affected by the charter provision.

3. SAME—SUBORDINATES AND EMPLOYES—PUBLIC OFFICERS.

Greater New York Charter, § 1536, providing that a plan of transfer and apportionment shall be made of all "subordinates and employés" in every branch of the public service in the municipalities consolidated, does not apply to public officers, but only to subordinates and employés under such officers.

4. PUBLIC OFFICERS—SUBORDINATES—SALARIES.

A counselor appointed by the board of charities and corrections of the city of Brooklyn, and who was subject to removal at the will of the board, and who did not take an oath of office, nor assume any obligation to perform any specific duties, was not a public officer, but a subordinate of the

board, and therefore not entitled to receive his salary as an incident of his office, and if he performed no service he was not entitled to receive a salary.

5. MUNICIPAL CONSOLIDATION—PUBLIC SERVANTS—,REASSIGNMENT — SUBORDI-NATES—REINSTATEMENT—SALARY.

Greater New York Charter, § 1536, provides that a plan of transfer and apportionment shall be made of all subordinates and employés in every branch of the public service in the municipalities consolidated, so that each shall be assigned to the same service and in the same part of the city as previously occupied by them. A subordinate counsel occupying a position under the board of charities and corrections of Brooklyn up to the time of consolidation, and receiving a salary, did not apply for reinstatement under the new charter, nor did he perform any service for the city thereafter. Eleven months after such consolidation he tendered a formal resignation to the corporation counsel. Held, that he was not entitled to recover salary for such eleven months.

Appeal from special term, Kings county.

Action by John A. Quintard against the city of New York to recover salary. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, and HIRSCHBERG, JJ.

S. S. Whitehouse, for appellant.
Luke D. Stapleton, for respondent.

WILLARD BARTLETT, J. Mr. Quintard sues the city of New York to recover 11 months' salary as assistant corporation counsel at the rate of $2,500 a year. He was never appointed assistant corporation counsel by any one, but he claims to have become such by operation of law, and particularly by virtue of section 1536 of the Greater New York charter. His claim of title is made out in this way: In 1890, by a resolution of the board of charities and corrections of Kings county, he was appointed counsel to the board. By chapter 954 of the Laws of 1895, consolidating the county of Kings and the city of Brooklyn, the department of charities and corrections of the county was continued as the department of charities and corrections of the city, with the same powers, duties, and authority as the department and commissioners should possess at the time when the act took effect. After the city and county were thus united, Mr. Quintard continued to act as counsel for the department, and was so acting when the Greater New York charter went into operation, on January 1, 1898. By section 1536 of the charter, the mayors of New York, Brooklyn, and Long Island City, the chairman of the board of supervisors of Richmond county, and the county judge of Queens county were empowered to prepare and adopt a plan of transfer which should "provide for the apportionment between the several public departments, bureaus and offices, and the assignment to service in said public departments, bureaus and offices respectively, so far as practicable, of all of the subordinates and employés in every branch of the public service in each of the several municipal and public corporations hereby consolidated, in such manner that each person shall be assigned, as nearly as may be, without prejudice or advantage to perform the same service and in the same part of the city, and to

hold the same relative rank or position in the city constituted by this act, as he performed and held at the time said plan of apportionment and assignment is determined upon." By this plan the counsel to the board of charities and corrections of the city of Brooklyn was expressly transferred to the law department of the city of New York, and assigned to duty in the office of the corporation counsel of said city in the borough of Brooklyn. Mr. Quintard claims that the effect of this legislation, together with the mention of his position in the plan of transfer, was to make him an assistant corporation counsel, and entitle him to compensation as such at the rate of $2,500 a year. His contention is that he was a public officer, and not a mere employé, of the city of Brooklyn, but that nevertheless his office came within the purview of section 1536, which makes the plan of transfer applicable to "all the subordinates and employés in every branch of the public service," but does not use the term "officer." And, indeed, it appears to be essential to the maintenance of this action that he should establish his right to be considered an officer; for it is only on this theory that he can recover any compensation, inasmuch as he did no work for the city in the period of 11 months for which he seeks to recover salary. He applied to the corporation counsel to be allowed to work, but his tender of service was not accepted, and he finally sent in a formal resignation.

It seems to me tolerably clear that the plaintiff did occupy a position within the purview of section 1536 of the charter. The law under which the board of charities and corrections of the county of Kings was established (chapter 284, Laws 1880) authorized the board to "appoint and remove from time to time storekeepers and all other officers, subordinates and assistants necessary for the proper discharge of their duties under this act and by law, and who shall hold their positions during the pleasure of said board." This language is broad enough to warrant the employment of counsel, either temporarily, as the necessity for his services might arise, or permanently, at a fixed rate of compensation. When the city of Brooklyn and county of Kings were consolidated, and both municipal corporations were known as the "City of Brooklyn," the act of consolidation expressly continued the department of charities and corrections, with the same powers, duties, and authority as it then possessed. It therefore retained power to continue the employment of counsel. It is suggested in the brief for the city that, inasmuch as the charter of Brooklyn gave the management and control of all the law business of the corporation and the departments thereof to the department of law, the effect of the act of consolidation was to deprive the department of charities and corrections of the authority which it had previously exercised of appointing or employing its own counsel. I can find nothing in the act of consolidation, however, which gives any support to this proposition. Indeed, there is no mention of the Brooklyn charter in the act.

Coming down to the time when the Greater New York charter took effect, we find Mr. Quintard occupying the position of counsel to the department of charities and corrections of the city of Brooklyn. Whether he was an officer or not, it seems to me that he was a "subor-

dinate," within the meaning of that clause of section 1536 which declares that the plan of transfer shall provide for the apportionment between the several public departments, bureaus, and offices, and the assignment to service, "of all the subordinates and employés in every branch of the public service in each of the several municipal and public corporations hereby consolidated." Mr. Quintard was appointed by the commissioners, was subject to removal by them at pleasure, and I think should be regarded as a subordinate, just as each assistant corporation counsel in the corporation counsel's office is regarded as a subordinate to the head of that department. It is to be noted that in the plan of transfer actually adopted the position of assistant corporation counsel was treated as that of a subordinate. Otherwise, the persons occupying positions as assistants to the corporation counsel of the city of Brooklyn could not have been included in the plan, but they were included in it, and are classed with the counsel to the police department, counsel to the health department, and counsel to the board of charities and corrections.

If I am right thus far, Mr. Quintard was entitled to recognition and assignment to duty in the law department of the city of New York, in the borough of Brooklyn, corresponding, as nearly as might be, with the work which he had previously performed as counsel to the department of charities and corrections. Under these circumstances, if he had applied for reinstatement in such position, he would have been entitled to enforce his demand by mandamus proceedings. See People v. Cram, 32 App. Div. 414, 53 N. Y. Supp. 110. But he did nothing of the kind. He performed no service for the city during the 11 months for which he seeks compensation, and the question is whether, under these circumstances, he can recover anything by way of salary. The argument in behalf of the city upon this branch of the case is that if the plaintiff was not a public officer he could not be paid, because he did not work; and if he was not a public officer prior to the adoption of the plan of transfer, he was not made such by that plan.

The distinction between an officer and a mere employé in respect to the right to recover compensation, when no duties have actually been performed or services have actually been rendered, has frequently been recognized by the courts. The officer is entitled to his salary as an incident of his office, and may recover it when improperly withheld. Fitzsimmons v. City of Brooklyn, 102 N. Y. 536, 7 N. E. 787. The employé, on the other hand, cannot enforce a claim to be paid except for services actually performed. Cook v. Mayor, etc., 9 Misc. Rep. 338, 30 N. Y. Supp. 404, affirmed in 150 N. Y. 578, 44 N. E. 1123. In Emmitt v. Mayor, etc., 128 N. Y. 117, 28 N. E. 19, the plaintiff was held to be entitled to receive the compensation prescribed for an inspector of masonry by the aqueduct commissioners, because such inspectorship was an office to which the right of compensation attached after the amount thereof had been fixed. The incumbent was said to be "more than a mere ordinary employé or laborer engaged by the commissioners." And so in Smith v. City of Brooklyn, 6 App. Div. 134, 39 N. Y. Supp. 990, an assistant sanitary inspector in the department of health was declared to be "not a

simple employé or laborer, but an officer whose compensation was fixed, and accompanied the office until he was legally removed therefrom." Here, however, the plaintiff does not seem to have been an officer, within the meaning and effect of the cases cited. He took no oath of office, nor did he assume the obligation to perform any particular specific duties. The most that could be said is that he undertook to act as the legal adviser of the board of charities and corrections in the city of Brooklyn, and to represent that board in such legal proceedings as it should find necessary to conduct in court. In no essential feature did his employment differ from that which would grow out of a general retainer to act as attorney and counselor at law for a stipulated amount per annum. An employment of this kind does not necessarily make the lawyer an officer simply because his client is a municipal corporation or a department of a municipal corporation. Of course, the legislature may by express enactment provide for the appointment of a sworn officer who shall render legal services of this character; but in the case of Mr. Quintard there was no express legislation to that effect, and the general authority conferred upon the board of charities and corrections by the act of 1880 to appoint storekeepers, and all other officers, subordinates, and assistants, necessary for the proper discharge of their duties, did not necessarily import that the person whom the board appointed to act as its counsel should be an officer. His employment seems to have been more nearly analogous to that of the landscape architect of the department of public parks in New York City, whose position was the subject of consideration in Olmstead v. Mayor, etc., 42 N. Y. Super. Ct. 481. It follows that the plaintiff is precluded from recovering anything in this action by reason of his failure to do any work for the city during the period covered by his claim. As has already been pointed out, his remedy, when the corporation counsel declined to accept his services, was to seek reinstatement in the position to which he was assigned by the plan of transfer. His resignation of that position renders this remedy unavailable to him now. For these reasons, I think the judgment should be affirmed.

Judgment affirmed, with costs. All concur.