## MURRAY v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. April 19, 1901.)

1. EXCEPTIONS—CASE SETTLED.

Where the direction of a verdict is absolute in terms, the court, after trial and case settled, cannot render a "decision" on the verdict, and permit a party to file exceptions thereto, and have the case resettled, the only provision for a decision of the court and exceptions after a trial by jury being Code, § 1185, which provides that, where the judge directs a verdict "subject to the opinion of the court," he may at the same term set aside the verdict, and direct judgment for either party, to which exceptions may be taken, etc.

2. GREATER NEW YORK CHARTER—SUBORDINATES.

Though the street commissioner of Rockaway Beach was made a public officer by the act creating the office, yet since the trustees had exclusive control of the streets, and he was subject to their direction, and was not the head of a department, nor charged with the performance of any independent duty, he was a "subordinate," within Greater New York Charter, c. 378, § 1536, transferring all subordinates in any branch of the public service in each of the municipalities consolidated to similar positions after the consolidation.

Appeal from trial term, Queens county.

Action by Sanford Murray against the city of New York. From a judgment on a verdict rendered by direction of the court, and from an order denying a new trial, defendant appeals; and from an order directing plaintiff to file and serve a copy of a decision, and from an order directing plaintiff's attorney to receive the defendant's exception to the decision, plaintiff appeals. Affirmed on defendant's appeal, and reversed on plaintiff's appeal.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

John J. Lenehan, for plaintiff.

William J. Carr (James T. Malone, on the brief), for defendant.

SEWELL, J. This action was commenced December 23, 1898, to recover for services alleged to have been rendered the defendant from January 1 to April 21, 1898. When the plaintiff rested, the defendant moved to dismiss the complaint. The court reserved its decision, and asked the defendant if it had any testimony to offer. The defendant's attorney replied to the inquiry by renewing the motion upon other grounds, and the decision was reserved. A witness was then called and sworn in behalf of the defendant. When all the proof was in, the defendant did not renew the motion to dismiss, or request the court to submit any question of fact to the jury, and the court directed a verdict for the plaintiff. The defendant took no exception to this direction, and a verdict for the plaintiff was

entered as directed. Subsequently the defendant made a motion
for a new trial upon the minutes. The motion was denied, and the
plaintiff entered judgment on February 21, 1900. On March 22d the
defendant appealed from the judgment and order denying a motion
for a new trial. The case on appeal was settled by the stipulation
of the parties, and filed on May 11, 1900. On October 9th defendant
obtained an order to show cause why the plaintiff or his attorney
should not be compelled to serve a copy of the decision of the court
in the above-entitled action, and an order was entered on October
15th granting the motion, and directing the plaintiff to serve and
file a copy of said decision within 10 days after service of said order.
The justice before whom the action was tried, "to enable the plain-
tiff to comply with the order," on November 9th signed a paper
wherein the proceedings upon the trial and the facts in the case were
recited, and he purported to find and decided that the plaintiff was
entitled to recover on account of his service the amount of said ver-
dict, and that he was entitled to judgment therefor. The defendant`
filed and served exceptions to said decision, and obtained an order
to show cause why the defendant should not be relieved from its
stipulation, and the case resettled by inserting the decision and the
defendant's exceptions therein. An order was entered on November
22d granting said motion, and from each of said orders the plain-
tiff appealed.

There is no provision of the Code or other authority for the de-
cision or the exceptions. The only provision made for a decision
of the court and exceptions after a trial by a jury is in section 1185
of the Code, which provides that, where the case presents only ques-
tions of law, the judge may direct the jury to render a verdict sub-
ject to the opinion of the court. In such a case the judge holding
the trial term may, at the same term, set aside the verdict, and di-
rect judgment to be entered for either party; and exceptions to such
direction may be taken as prescribed in section 994 of the Code.
Code, § 1185. Where a verdict is ordered subject to the opinion of
the court, the whole case is before the appellate division upon its
merits. Id. § 1234. The question, then, is, which is entitled to
judgment on the uncontradicted facts? No new trial can be or-
dered, and no judgment can be entered, until after the court has
passed upon the questions of law, unless the judge holding the trial
term at the same term sets aside the verdict, and directs judgment
to be entered. It does not appear by the record in this case that
the court directed the verdict subject to the opinion of the court,
or that the verdict was set aside by the trial judge at that or any
other term; and, the contention upon this appeal being that the
judgment should be reversed upon exceptions, it is manifest from
the practice, as well as from the facts, that the direction of the ver-
dict was absolute in its terms, that it was not subject to the opin-
ion of the court, and that these words in the judgment are mere
surplusage. The defendant had the right to object to the direc-
tion of the verdict, and, if counsel wished to preserve the point for
the consideration of this court, he should have done so. Not hav-
ing spoken when he ought (Id. § 995), he cannot avail himself

of an exception filed more than eight months thereafter. He must be held to have acquiesced in the direction; and the only question for our consideration arises upon the appeal from the order denying the motion for a new trial, and is whether the verdict is contrary to the evidence or contrary to law.

This action is based upon the proposition that the plaintiff was transferred to the service of the city of New York under and pursuant to section 1536 of chapter 378 of the Laws of 1897, known as the "Greater New York Charter." Under the provisions of that section, all the subordinates and employés in any branch of the public service in each of the several municipal corporations consolidated were, so far as practicable, required to be assigned as nearly as may be to perform the same service, and in the same part of the city, and to hold the same relative rank or position in the city constituted by said act as he performed and held previous to the consolidation of the municipal corporations. The section also provides that the persons so assigned shall be deemed to hold and shall hold the respective positions to which they may be assigned, until removed as therein provided; and that their assignment to service shall not be deemed or construed to be a new appointment, but shall be deemed to be and shall be a continuance of the appointment theretofore held by them. It appears that the plaintiff was assigned or transferred to the department of highways by the detailed plan prepared and adopted pursuant to the provision of this section, and that he continued in that department, performing services for the city substantially the same as those performed by him as street commissioner of the village of Rockaway Beach, until April 21, 1898, when he was appointed inspector of streets. The defendant contends that the plaintiff was not a subordinate, within the meaning of section 1536 of the charter; that he was an officer, and therefore not lawfully included in the plan of transfer. It is true that the plaintiff, as street commissioner of the village of Rockaway Beach, was a public officer, made so by the act which created the office that he filled; but that does not control. He was still a subordinate officer. This is manifest by the character of his duties. He was not the head of a department, and was not charged with the performance of any independent duty. The board of trustees of the village had exclusive control and supervision of the streets and public grounds (Village Law, § 141), and the plaintiff was wholly subject to its direction and control. In People v. Van Wyck, 157 N. Y. 495, 52 N. E. 559, the court held that the term "position" in the statute was intended to embrace all subordinate places in the public service, and all officers subject to the direction and control of superior officers. There can be no doubt that the plaintiff's office was of such a character that his right to a position was preserved by the terms of section 1536 of the charter; and that the legislature has power to continue the appointment of a subordinate officer of a municipal corporation after the extinguishment or merger of that political organization has been held in several well-considered cases. People v. Gray, 32 App. Div. 458, 53 N. Y. Supp. 274; People v. Dalton, 34 App. Div. 6, 53 N. Y. Supp.

1060, affirmed in 158 N. Y. 204, 52 N. E. 1119; Quintard v. City of New York, 51 App. Div. 233, 64 N. Y. Supp. 904.

We are also of the opinion that the verdict is not contrary to the facts, or excessive. There was no conflict in the evidence. The plaintiff testified distinctly and positively that he was employed every day, and that he was always on duty. He also testified in regard to the location of the village, and the action of the tide, which justified the inference that Sunday work was a necessary part of his duty. It is only work not needful that is prohibited by the statute, and it cannot be assumed that the plaintiff was engaged in any unlawful act, or that he transgressed the law.

It follows that the order denying the defendant's motion for a new trial and the judgment should be affirmed, with costs, and that each of the orders appealed from by the plaintiff must be reversed, with $10 costs and disbursements. All concur.