(75 App. Div. 360.)

### ALSBERGE v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. October 10, 1902.)

1. PUBLIC OFFICERS—UNLAWFUL REMOVAL—RIGHT TO SALARY.
   Greater New York Charter (Laws 1897, c. 378), § 1536, provides that a plan of transfer shall be made of all subordinates and employés in the public service in the municipalities consolidated, so that each shall be assigned to the same service as previously performed. A dockmaster in the former city of Brooklyn at the time of the consolidation was assigned to duty as dockmaster in the department of docks and ferries, but by a clerical error he was assigned to the department of finance. He began his duties, but was shortly removed by the comptroller of the city of New York, and was not permitted to do any work, though ready and willing to do it. He was reinstated by order of the court. *Held*, that he was entitled to recover salary from the time of his removal to his reinstatement.

Appeal from trial term, Kings county.

Action by Charles E. Alsberge against the city of New York. From a judgment granting insufficient relief to plaintiff, he appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Joseph A. Burr, for appellant.
James McKeen, for respondent.

HIRSCHBERG, J.   The case as presented contains no evidence. In the findings of fact made by the learned trial justice the following

are included: At the time of the creation of the Greater City of New York, January 1, 1898, the plaintiff was, and for some years had been, a dockmaster in the bureau of docks, connected with the department of finance of the city of Brooklyn. In December, 1897, the officers named in section 1536 of the Greater New York charter (chapter 378, Laws 1897), under the authority conferred by that section, lawfully determined that the plaintiff should be transferred and assigned to the same kind of service and duty in the new city that he had performed in Brooklyn, and for that purpose transferred and assigned him to duty as a dockmaster in the department of docks and ferries as constituted by said charter. By a clerical error in writing out the plan of transfer, it was directed that the plaintiff be assigned to the department of finance of the city of New York, instead of the department of docks and ferries, as provided by the charter, and as determined by the officers empowered by the charter to make such determination. By the charter the duties of the dockmasters are to be discharged in the department of docks and ferries, and, as a matter of fact, the plaintiff on January 1, 1898, entered upon the discharge of his duties in that department, and continued therein until his removal. On January 6, 1898, the comptroller of the city of New York attempted to remove him by the service of a written notice to the effect that his services would not be required by the department of finance after January 7, 1898, and that his office had been abolished as unnecessary. Thereafter, and until his reinstatement, he was not permitted to do any work, although he offered and was ready and willing to do it. In July, 1899, the attempted removal was adjudged by the supreme court to be unlawful, and the commissioners of the department of docks and ferries were directed by writ of mandamus to reinstate him as dockmaster. They did reinstate him in obedience to the mandate of the writ. The action is brought to recover his salary from January 1, 1898, to the time of his reinstatement, and the judgment rendered adjudges that he is only entitled to recover it for the period prior to January 7, 1898.

The decision is based upon the assumption that the plaintiff was not made a dockmaster in the new city by the mere operation of the section of the charter referred to, independently of the action of the officers who are required by that section to prepare and adopt a detailed plan for the transfer from the constituent municipalities forming the greater city of all subordinates and employés to like service, rank, and position in the greater city. Conceding that the point was decided by this court in the case of People v. Cram, 32 App. Div. 414, 53 N. Y. Supp. 110, affirmed by the court of appeals (158 N. Y. 666, 52 N. E. 1125) on the opinion of Mr. Justice Willard Bartlett, it by no means follows that the plaintiff is not entitled to recover his salary for the period during which he was unlawfully removed. The case cited was one of mandamus obtained by the plaintiff and other relators similarly situated, requiring the commissioners of the department of docks and ferries of the city of New York to reinstate them as dockmasters in that department, and it was held that such a writ was not obtainable while the plan remained in force by which they were apparently assigned to service in another department. The in-

tention of the officers in making the assignment or transfer was apparently in dispute, as was the fact of the actual assignment and service; and it was pointed out that, if error had been committed in the published plan, its correction could be judicially enforced in a proceeding wherein all the officers who made it could be heard, and thereafter the relators would be enabled to assert the clear legal right to relief which is essential to a writ of mandamus. "We do not think," said the court (page 418, 32 App. Div., page 113, 53 N. Y. Supp.), "that the formal plan of transfer, as signed and published, can be ignored so long as it remains uncorrected." There was, however, no adjudication that the terms of the section of the charter under consideration, operating with a determination actually made by the authorized officers to transfer the plaintiff to the department of docks and ferries, would not together have served to effect the transfer, notwithstanding such determination of the officers was, by a clerical error, incorrectly recorded. Had the facts been conceded on that application that the relators were transferred to the department of docks and ferries; that their services were actually rendered in that department; that the resolution or action adopted by the proper officers did in fact assign them to service there; that the plan was incorrect in that particular, owing to a mere clerical error; that such error was admitted by all the officers, and such officers were parties to the legal proceedings,— a different case would have been presented. Whether or not the result would have been different is immaterial, however, inasmuch as there was certainly nothing decided upon the question of salary, or the extent of the relator's right thereto in the event of the correction of the plan, and their consequent reinstatement as suggested. The plain purpose of action 1536 of the charter is to continue, so far as may be, the officials and employés of the different municipalities in like positions and employments after consolidation. The determination by the authorized officers of what transfers and assignments would accomplish this purpose is the essential official act which really makes the transfer, rather than is the record made of such act in the detailed plan. When a clerical error made in the formal transcript of the determination has been corrected, the corrections ordinarily speak as of the date of the original designation. The error should not of itself confer an unfair benefit, nor take away an undoubted right. Had the plaintiff by error been transferred upon the plan to an office to which he had not been assigned by any actual determination, and to which a much larger salary was attached than that to which he was really entitled, it would hardly be claimed that he could recover the increased amount by virtue merely of the clerical mistake. Moreover, the act of the authorized officers is not the making of a new appointment, but is only the continuance of the old one. For the section expressly provides that the appointment and assignment of the employés in the plan "shall not be deemed or construed to be a new appointment or reappointment, but shall be deemed to be, and shall be, a continuation of the appointment and employment theretofore held by them." It follows, therefore, that the plaintiff, as a dockmaster of the city of Brooklyn prior to and until the 1st day of January, 1898, was on that day lawfully continued in office as a dockmaster of the city of New

York by force of the provisions of section 1536 of the charter, and the action of the officials by whom he was duly assigned to a continuance in his employment. The evidence of their action was defective because of the clerical error referred to, but that error could not in itself affect his legal rights; nor, after it was corrected, could it interfere in any way with their assertion or maintenance. No recorded case accords to a clerical error such far-reaching and permanent potency. The plaintiff was accordingly entitled to recover his salary for the six days during which he did work as dockmaster in the city of New York under a lawful and proper designation, however incorrectly the same may have been transcribed upon the plan. The right is admitted in the judgment appealed from, by the award of the salary for that period, and that award was made on the respondent's concession. Did the plaintiff lose his right to subsequent salary because of the unlawful attempt to remove him? The learned counsel for the respondent claims that he did, on the authority of Quintard v. City of New York, 51 App. Div. 233, 64 N. Y. Supp. 904. Whether or not that decision is to be regarded as in any degree affected by the more recent decision in Graham v. City of New York, 167 N. Y. 85, 60 N. E. 331, on which point no opinion is expressed, it is not authority for the proposition under consideration. The distinction between a public officer and a mere employé, in respect to the right of compensation, is clearly pointed out in the Quintard Case, supra; and the right of such an officer to recovery of his salary, as an incident to the office, whenever he has been improperly prevented from discharging its duties, is fully recognized. That the plaintiff was a public officer after consolidation, even assuming that before that event he was a mere employé, was expressly held in People v. Cram, 164 N. Y. 166, 58 N. E. 112, in the determination that dockmasters in the department of docks in the city of New York are public officers, and not employés. His right to compensation cannot be determined on the theory that on January 7, 1898, he was still an employé of the former city of Brooklyn. It must be determined on the theory that when he was removed he was removed as a public officer of the city of New York, and, the removal having been duly adjudged to be illegal, his right to compensation for the period subsequent thereto is the same as his right to compensation for the prior period. Fitzsimmons v. City of Brooklyn, 102 N. Y. 536, 7 N. E. 787.

In this discussion I have assumed that the plan has been corrected pursuant to judicial action. There is no evidence of that fact, and no finding to that effect; but it is conceded in the respondent's brief, and it might, perhaps, be inferred from the fact that the writ to reinstate the plaintiff was granted after this court had decided that such correction was an indispensable prerequisite. The complaint alleges that the error was corrected in obedience to a writ of mandamus issued out of the supreme court, requiring the correction and transfer to date and take effect from the day and date on which the plan of transfer and assignment was determined on. If this fact appears upon the new trial, the plaintiff's claim will be apparently strengthened by an adjudication to the effect that the correction was made in terms so as to put

him, so far as may be, in the same position as though the error had never been made.

The judgment, in so far as appealed from, should be reversed, and a new trial granted.

Judgment, so far as appealed from, reversed, and new trial granted; costs to abide the event. All concur.