EDWARD FITZSIMMONS, Respondent, *v.* THE CITY OF BROOK-LYN, Appellant.

Where an officer, entitled by law to a fixed annual salary, has been pre-vented for a time, through no fault of his own, from performing the duties of his office, and has during that time earned wages in another and different employment, he cannot be compelled, in an action to recover his unpaid salary, to deduct the amount so earned.

There is no contract between an officer and the State or municipality by force of which his salary is payable, but it belongs to him as an inci-dent to his office so long as he holds it, and when improperly withheld he may recover the full amount.

Plaintiff was a police officer in the city of B., receiving an annual salary. The police commissioners made an order removing him, but the order of removal was reversed upon *certiorari*, and plaintiff restored to his office. Between the order of removal and that of restoration, he was not per-mitted to render service as policeman, but earned money in other employ-ments. In an action to recover the salary during that period, *held*, that a refusal to deduct the amount of his earnings from the unpaid salary was proper.

The rule applicable to cases between master and servant and landlord and tenant distinguished.

(Argued April 26, 1886; decided June 8, 1886.

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made May 1, 1884, which affirmed a judgment in favor of plaintiff, entered upon a verdict directed by the court.

This action was brought to recover a balance alleged to be due plaintiff for salary as a member of the police force of the city of Brooklyn.

The material facts are stated in the opinion.

*Almet F. Jenks* for appellant. If plaintiff is entitled to recover the amount of his salary from the date of his removal until he was reinstated, such sum should be reduced by the amount earned by him during that period. (*People, ex rel. Swinburne,* v. *Nolan,* 101 N. Y. 539; *United States* v. *Addison,* 6 Wall. 291; *Nichols* v. *MacLean,* 101 N. Y. 526; *Pennie* v. *City of Brooklyn,* 97 id. 654; Dill. on Mun. Corp., § 235, note; 2 Greenl. Ev., § 261*a*; *Costigan* v. *M. & H. R. R. Co.,* 2 Denio, 609; Abbott's Law Dict. 109.)

*Charles J. Patterson* for respondent. Plaintiff was entitled to recover the salary claimed. (*Pennie* v. *Brooklyn,* 97 N. Y. 654; *Langan* v. *Brooklyn,* 98 id. 623; *People, ex rel. Ryan,* v. *French,* 91 id. 265; *Nichols* v. *McLean,* 101 id. 526.) The fact that the plaintiff earned $500 during the period for which the salary was recovered was immaterial. (*O'Leary* v. *Board of Education,* 93 N. Y. 1; *Howard* v. *Daly,* 61 id. 362; *Kehn* v. *State,* 93 id. 291; *People* v. *Board of Police,* 75 id. 38.)

FINCH, J. This case presents the question whether an officer entitled by law to a fixed annual salary, but prevented for a time by no fault of his own from performing the duties of his office, and earning during that time the wages of another and different employment, must deduct them from his recovery when he sues for his unpaid salary. It is quite true that the question is not raised by the pleadings, but no objection was interposed on that account. The necessary facts were proved or admitted, and upon them the question was presented to and decided by the trial court and an exception taken to that decision. If the question of pleading had been raised the difficulty might have been obviated, and an issue tried and determined by the consent of both sides, irrespective of the shape of the pleadings, cannot be thrust out of the case upon an appeal.

The plaintiff was a policeman of the city of Brooklyn, duly appointed to that office and having entered upon the performance of its duties. He was attempted to be removed from of-

fice by the police commissioners, but upon a *certiorari* the order of removal was reversed and the plaintiff restored to his office. Between the order of removal and that of restoration he rendered no service as policeman, because not permitted so to do, but during the interval resumed for a time his old occupation as a machinist, and that failing, engaged in work at Schutzen park, the character of which is not disclosed ; and from these two sources earned, during the period of his removal, the sum of $500. The defendant conceded that plaintiff was entitled to recover the unpaid salary of his office, but insisted that his earnings of $500 should be applied upon and deducted from it. The court refused the deduction, the General Term affirmed the judgment, and the defendant brought this appeal.

The rule sought to be applied by the city to the claim of the plaintiff finds its usual and ordinary operation in cases of master and servant and landlord and tenant; relations not at all analogous to those existing between the officer and the State or municipality. The rule in those cases is founded upon the fact that the action is brought for a breach of contract and aims to recover damages for that breach, or compensation for the servant's loss actually sustained by the default of the master. That loss he is required to make as small as he reasonably can. His discharge without just cause is not a license for voluntary idleness at the expense of the master. If he can obtain other employment he is bound to do so, and, if he engages in other service, what he thus earns reduces his loss flowing from the broken contract. But this rule of damages has no application to the case of an officer suing for his salary, and for the obvious reason that there is no broken contract or damages for its breach where there is no contract. We have often held that there is no contract between the officer and the State or municipality by force of which the salary is payable. That belongs to him as an incident of his office, and so long as he holds it; and when improperly withheld he may sue for it and recover it. When he does so he is entitled to its full amount, not by force of any

contract, but because the law attaches it to the office; and there is no question of breach of contract or resultant damages out of which the doctrine invoked has grown. We think, therefore, it has no application to the case at bar, and the courts below were right in refusing to diminish the recovery by applying the wages earned.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.