### MORLEY v. MAYOR, ETC., OF THE CITY OF NEW YORK.

*(Supreme Court, General Term, First Department.   December 29, 1890.)*

1. CITY OFFICERS—SUSPENSION—RIGHT TO SALARY.
  In the absence of any statutory authority for the suspension of an assistant engineer in the department of public works of the city of New York, appointed under

Laws N. Y. 1882, c. 410, § 48, at a certain salary per year, he may recover such salary for the time during which he is so suspended, and is not allowed to render service.

2. SAME—ACQUIESCENCE.

Acts of such officer, after his suspension, in seeking and accepting other employment, are not admissible against him to show that he understood, when he received notice of suspension, that he was discharged.

Appeal from circuit court, New York county.

Action by Isaac Morley against the mayor, aldermen, and commonalty of the city of New York. Defendants appeal from a judgment for plaintiff entered on a verdict directed by the court.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*William H. Clark*, (*Charles Blandu*, of counsel,) for appellants. *Cecil Campbell Higgins*, for respondent.

BRADY, J. This action was brought to recover an amount of salary as an assistant engineer in the department of public works. The plaintiff was appointed on the 2d of February, 1884, under section 48, c. 410, Laws 1882, at a salary of $1,800 per year, which was afterwards increased to $2,000, and entered upon the performance of his duties. While engaged in the work of the department he received a notice of suspension, which was as follows: "*Isaac Morley, Esq.*—DEAR SIR: Notice of suspension as assistant engineer in the department of public works, to take effect on the 31st of July, 1886, is hereby served on you. Respectfully, WILLIAM B. SMITH, Deputy Commissioner Public Works." He was paid in full from the date of his employment until the 1st of August, 1886. This action embraced the period between the day last named and the 1st of December, 1887, on which latter date he accepted a position under the aqueduct board. During the period from August 1, 1886, to December 1, 1887, he rendered no services as an assistant engineer in the department of public works, having been suspended, as already stated, and notwithstanding that during the period named he made repeated applications at the department for assignment to active duty, and tendered his services to the officials there, but was notified that the department had nothing for him to do. It appears, however, that he made repeated efforts to get employment elsewhere, and finally succeeded in obtaining work from the Hudson River Supply Company, where he was paid for his services, for a period of four months, at the rate of $2,000 per annum, the same sum at which his salary was fixed at the department of public works. It also appears that he never received any notice of dismissal, and that during the period of his employment there was no charge of incompetency or inefficiency made against him. Upon the conclusion of the evidence the plaintiff's counsel asked the court to direct a verdict for the plaintiff, and the defendants' counsel asked the court to direct a verdict for the defendants on the proofs. The court directed a verdict for the plaintiff. The defendants' counsel then asked to go to the jury on the question whether Mr. Morley did not understand when he received the notice of suspension that he was discharged, and whether his subsequent acts in applying, first, to Mr. Birdsall for other employment, and in the acceptance of employment from the Hudson River Supply Company and from the aqueduct commission were not evidence of such understanding. The plaintiff's right to recover was urged chiefly upon the decision made in the case of *Gregory* v. *Mayor*, 113 N. Y. 416, 21 N. E. Rep. 119, which case his counsel claimed was decisive of his client's right to recover. Notwithstanding the extended criticism and review of that case indulged in by the counsel for the appellant, it is regarded as conclusive upon the right of the plaintiff to recover. In that case the plaintiff was employed by the commissioners of excise of the city of New York as an inspector of excise. In December, 1880, he received notice that he had been suspended, and after that time was not allowed to render any services. He frequently attended at the

office of the board, and offered to discharge the duties of inspector.   He never received any notice of dismissal.   The court held in that case that the commissioners had no power to suspend, and that the attendance of the plaintiff, and his frequent offers to discharge the duties of the position to which he had been appointed, were sufficient tenders of performance on his part to warrant the conclusion of the learned judge in directing a verdict.   There seems to be no difference whatever between the two cases in the respect suggested. Our attention has not been called to any statute or authority for the suspension of the plaintiff.

An attempt was made by the counsel for the appellants to distinguish this case from that referred to as one in which there is an attempt to perform services of a temporary character, and out of which it is thought springs the right to suspend the person thus selected.   But the appointment of the plaintiff by the commissioner of public works was as an assistant engineer at $1,800 per year, and not at the rate of $1,800 per year; from which latter phraseology, had it been used, it might be inferred that the appointment was but temporary in character.   He was, however, employed for the sum mentioned per year, which was an appointment for that period.   There is therefore, as already suggested, nothing in this case to distinguish it in principle from the case cited, and it must be controlled by the law pronounced in that adjudication.   The court deducted from the amount of the plaintiff's claim the sum earned by him from the Hudson River Supply Company during the period mentioned.   The defendants, however, have taken no appeal upon that subject, and that question is not presented for our consideration, although discussed upon the respondents' brief.   It thus appears that the plaintiff, on the facts and the law applicable to them, was entitled to recover for the period named ratably, according to the amount of compensation he received per annum.   This salary was fixed by the commissioner of public works in pursuance of power conferred upon him by the legislature.   Section 48, c. 410, Laws 1882.

It is only necessary to consider one other proposition, growing out of the request on the part of the defendants that they be allowed to go to the jury upon the issue of whether the plaintiff did not understand when he received the notice of suspension that he was discharged, and whether his subsequent acts in seeking and accepting employment elsewhere were not evidence of such understanding.   That request was properly declined, for the reason that the court of appeals distinctly held, in the case of *Fitzsimmons* v. *City of Brooklyn,* 102 N. Y. 536, 7 N. E. Rep. 787, that a person occupying a public office, such as the plaintiff in this case, when deprived of the opportunity of discharging his duties, could have the right to seek employment wherever he could get it, and to receive compensation without any obligation on his part to account for it, and without any prejudice to his right to recover the full amount of salary attached to the office he held,—a rule which is predicate of the proposition that there is no contract between an officer and a state or municipality by force of which his salary is payable; it belongs to him as an incident of his office, as long as he holds it, and when improperly withheld he may recover the full amount.   In connection with this proposition, it must be borne in mind that the plaintiff had not been dismissed from his office, and had not resigned.   It is subject also to the criticism that the plaintiff's rights were not to be controlled by what he understood the notice to mean, but by what the commissioner did in fact.   He did not discharge the plaintiff, and there was no evidence on which a finding thereto could rest.   For these reasons the judgment appealed from must be affirmed, with costs.   All concur.