## DE LACEY *v.* CITY OF BROOKLYN.

*(City Court of Brooklyn, General Term.  January 27, 1891.)*

MUNICIPAL CORPORATIONS—OFFICERS—HOLDING OVER—RIGHT TO SALARY.

Brooklyn City Charter 1888, tit. 3, § 4, provides that persons appointed to certain city offices "shall severally execute a bond to the corporation in such penalty and with such sureties as the common council may require, conditioned for the faithful performance of their respective duties. * * * Such sureties shall qualify in such form as the common council shall prescribe; and the bonds thereby required, after having been fully approved, shall be filed in the office of the city clerk, * * * before any of the officers required to execute the same shall enter upon the duties of their respective offices." City Ordinances, tit. 9, § 2, provides that "the clerk of the common council shall also indorse and certify on each bond, before the same shall be filed, the resolution of the common council approving the same, and the time of such approval." 1 Rev. St. N. Y. (8th Ed.) p. 397, § 9, provides that every officer shall hold over after "his term of office shall have expired, until a successor in such office shall be duly qualified." *Held,* that an incumbent of one of the enumerated offices is entitled to hold over after the expiration of his term of office, and to draw the salary therefor, until the bond is approved and filed as required by the city charter and ordinances, and an approval by a justice of the supreme court is not sufficient.

Appeal from trial term.

Action by William De Lacey against the city of Brooklyn for salary as city assessor. There was a judgment for plaintiff, and defendant appeals.

*Almet F. Jenks,* for appellant.  *Johnson & Lamb,* for respondent.

OSBORNE, J. In August, 1884, plaintiff was duly appointed one of the assessors of the city of Brooklyn, for a term of four years. He took the oath of office, executed his bond with sureties, his bond was approved by the common council, and filed with the city clerk in accordance with the then existing charter and ordinances, and thereupon he entered upon the discharge of the duties of his office. On August 31, 1888, one James McLeer was appointed by the mayor an assessor in the place of the plaintiff, under the provisions of section 12 of title 3 of the charter of 1888. By section 3 of the same title it is provided that all officers other than the mayor, comptroller, and auditor shall be appointed as in the act provided. Section 4 of the same title provides, *inter alia,* as follows: "The persons so elected or appointed shall severally execute a bond to the corporation in such penalty, and with such sureties, as the common council shall require, conditioned for the faithful performance of their respective duties. * * * Such sureties shall qualify in such form as the common council shall prescribe; and the bonds thereby required, after having been fully approved, shall be filed in the office of the city clerk, * * * before any of the officers required to execute the same shall enter upon the duties of their respective offices." The penalty of the bond of an assessor had been fixed by the common council at $3,000. Section 2 of title 9 of the city ordinances provided for the number of sureties on bonds of officers, the manner of execution and form of justification, and also that "the clerk of the common council shall also indorse and certify on each bond, before the same shall be filed, the resolution of the common council approving the same, and the time of such approval." On August 31, 1888, McLeer took the constitutional oath of office. On September 4, 1888, he executed his bond, with sureties, as provided, and on the same day procured the same to be approved by a justice of the supreme court, and filed the same on September 4, 1888, in the office of the city clerk. On October 1, 1888, at the first meeting of the common council subsequent to August 31, 1888, said bond was approved by the common council. During the month of September McLeer was ready and willing to perform the duties of an assessor. Plaintiff, claiming that McLeer was not qualified to enter upon the duties of his office

till his bond was duly approved by the common council, continued to perform the duties of an assessor during the month of September, and brought this action to recover the amount of his salary for that month. He obtained judgment for the amount of such salary, and defendant appeals therefrom.

By part 1, c. 5, tit. 6, art. 1, § 9, of the Revised Statutes, (8th Ed. p. 397,) it is provided that "every officer duly appointed, except the chancellor, justices of the supreme court, and circuit judges, who shall have duly entered on the duties of his office, shall continue to discharge the duties thereof, although his term of office shall have expired, until a successor in such office shall be duly qualified." In accordance with the provisions of this section plaintiff held over until McLeer was "duly qualified," and the question, substantially, to be decided on this appeal is when McLeer became "duly qualified" to act as an assessor. We must look to the charter of the city, and the ordinances as well, to learn what was necessary to be done for McLeer to become "duly qualified." The first step to be taken was his appointment by the mayor. After such appointment, according to the terms of section 4, *supra*, the next step was the execution of a bond by McLeer with the required sureties. This was done. The next step was to procure the approval of his bond, and to cause the same to be filed in the city clerk's office. McLeer sought to comply with this requirement by procuring the approval of his bond by a justice of the supreme court, and then filing it. We do not think this was such an approval as the charter and ordinances required. They must be read together to arrive at their full meaning. While it is true that section 4 of the charter requires that the bond, "after having been fully approved, shall be filed," etc., and is silent as to who is to approve it, still section 2 of the city ordinances, *supra*, entirely removes all doubt as to whose approval is to be obtained. That section says that, before filing the bond, the city clerk shall indorse and certify thereon "the resolution of the common council approving the same." This provision, in our opinion, removes all possible doubt as to how and by whom the bond of McLeer was to be approved. This bond was not approved by the common council till October 1, 1888, and then, and not till then, was McLeer "duly qualified" to enter upon the duties of his office. It follows, as a natural sequence, that, under the provision of the Revised Statutes above quoted, McLeer not having duly qualified, plaintiff was rightfully executing the duties of the office of assessor during the month of September, intervening between the appointment of McLeer and the approval of his bond by the common council, and, having performed the duties of his office during that period, he is entitled to the salary for that month. *People v. McKinney,* 52 N. Y. 374.

It may be well to state here that the city ordinance above quoted was passed prior to the adoption of the charter of 1888, and that by section 27 of title 2 of the charter of 1888 it was enacted that "all ordinances now in force in the city of Brooklyn, not inconsistent with this act, shall remain in force until repealed," so that this ordinance had the same binding effect as if expressly enacted by the legislature. The learned counsel for the city urges that such a construction interferes with the power of appointment vested in the mayor solely, and that, by the common council deliberately withholding its approval of an officer's bond, it can obstruct the mayor's power of appointment. One answer to such contention is that there was no such withholding of approval in this case, as McLeer's bond was approved at the first meeting of the common council held after his appointment by the mayor; while a stronger and more conclusive answer is that we can only construe the charter and ordinances as we find them, and, if there is an omission therein tending to abridge or affect the mayor's power of appointment, recourse must be had to the law-making power to correct such omission. It is further contended by the learned counsel for the appellant that McLeer was entitled to the salary for the month of September as an incident of his office, and he cites the case

of *Fitzsimmons* v. *City of Brooklyn*, 102 N. Y. 536, 7 N. E. Rep. 787, as an
authority upholding his position.    We think that the case cited is rather an
authority in favor of the plaintiff.    The court there said (page 538, 102 N.
Y., and page 788, 7 N. E. Rep.:)  "That [*i. e.*, the salary] belongs to him as an
incident of his office, and so long as he holds it."    The converse of the prop-
osition is equally true.    McLeer did not hold the office; nor could he, as
shown above, till he was "duly qualified."    He was not vested with the
office by virtue of his appointment by the mayor.    He only had an inchoate
title to the office, to be perfected by the approval of his bond by the common
council, or to be divested by his failure to file a bond.    Till then plaintiff held
the office, and the salary was an incident to the plaintiff's holding, and he
was entitled to it.    For the reasons above stated the judgment appealed from
should be affirmed, with costs.