"McAdam, J.
While the defendant might have discharged the decedent, and relieved itself from liability, it could not suspend him without pay (Gregory v. Mayor, 113 N. Y., 416; Emmitt v. Same, 38 State R., 355, Affd., Ib., 907), and the moneys he earned in other employments during the suspension are not to be credited to the defendant. Fitzsimmons v. City of Brooklyn, 102 N. Y., 536; Lethbridge v. Mayor, etc., 39 State R., 385. There is nothing in the case which shows that the decedent abandoned or relinquished the office of assistant engineer, or in any manner discharged the defendant from its obligation to pay.0 The real question involved turns on whether the decedent, because he held the position of £ city surveyor ’ under a resolution of the common council passed in 1877, held an office within the meaning of the prohibition contained in section 55 of the Consolidation Act, which made him ineligible to hold the position of £ assistant engineer ’ under the defendant.
££ There is no express authority given to the common council to appoint city surveyors, and if the board possesses any power upon the subject it is by implication only. But that question need not be seriously considered, for it is apparent that the appointment is not an office within the meaning of section 55, supra. Office, in the sense there employed, embraces the idea of public station, tenure, emolument and duties, involv *176 ing the right and corresponding duty to execute some public trust. In re Hathaway, 71 N. Y., 238 ; People v. Duane, 121 Ib., 367; U. S. v. Hartwell, 6 Wall., 385 ; U. S. v. Germaine, 99 U. S. R., 508. In legal contemplation, an office is an entity, and may exist though without an incumbent. People v. Stratton, 28 Cal., 382. It is an employment on behalf of government, in any station of public trust, not transient, occasional or incidental. It is where one has to do with another’s affairs against his will, and without his leave. The position of city surveyor has no tenure or salary. It does not exist independently of the incumbent, and does not become vacant by his death, removal or resignation. It resembles that of licensee more than anything else.
££ Every office implies an authority to execute some portion of the sovereign power of the State, either in making, executing or administering the laws. The question came up in this court when it held that Frederick Dwight Olmstead in holding the position of landscape architect of public parks and commissioner of state surveys was not holding two offices within the meaning of the. section referred to.
“ The court said : £ One who receives no certificate of appointment has no term or tenure of office, but performs such duties as are required of him by the persons employing him, and whose responsibility is limited to them, is not an officer and does not hold an office.’ Olmstead v. The Mayor, 42 N. Y. Superior Ct. R., 488.
££ The Court of Appeals has held that the legislative prohibition to common council against creating new officers extends to clerks, but not to janitors and ordinary servants, for they are not officers. Sullivan v. Mayor, etc., 53 N. Y., 652; Costello v. Same, 63 Ib., 48. The decedent, by reason of his position of city surveyor, was in no sense a clerk, city employee or public official, and did not come within the purpose and *177 intent of the prohibition contained in section 55, supra.
William H. Clark, counsel to the corporation, and Sidney J. Cowen of counsel, for appellant.
Kellogg, Rose & Smith, attorneys, and L. Laflin Kellogg of counsel, for respondent.
“ ‘ The distinction/ said the Court, in Olmstead v. Mayor, supra, ‘ is plainly taken between a person acting as a servant or employee, who does not discharge independent duties, hut acts by direction of others, and an officer empowered to act in the discharge of a duty, or trust, under obligations imposed by the sanctions and restraints of legal authority in official life.’ The verdict was properly directed, and the motion for a new trial must be denied.”
Per Curiam.
The judgment and order should he affirmed, with costs, upon the opinion filed by the trial judge on denying defendant’s motion for a new trial.