(29 Misc. Rep. 717.)

GOETTING v. CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County.   December 7, 1899.)

JUDGES—SALARY.

Where there is a fixed salary attached to the office of judge of a court, the incumbent is entitled to salary from the date of his appointment, whether he performed any duties or not, since it is an incident of his office, and is not measured by the duties he actually performs, or is called upon to perform.

Action by Adolph Goetting against the city of New York. Judgment for plaintiff.

Warren Leslie and J. A. O'Gorman, for plaintiff.
John Whalen and Chas. Blandy, for defendant.

McADAM, J. The plaintiff was duly appointed justice of the Fourth district municipal court, borough of Brooklyn, in the city of New York, January 4, 1898, pursuant to section 1352 of the Greater New York charter. The office existed on that day, and the plaintiff, after taking the official oath, performed whatever judicial functions the law permitted him to perform during that month, and became entitled to the salary fixed by law as an incident of the office. Fitzsimmons v. City of Brooklyn, 102 N. Y. 536, 7 N. E. 787. The defendant contends that because the justices' courts and the office of justice of the peace in the borough of Brooklyn were not abolished until midnight of January 31, 1898 (Charter, §§ 1350, 1384), and the municipal court justices, who were to exercise on an enlarged plan the powers of the superseded officials, were not to have possession of the rooms assigned for holding their courts until February 1, 1898 (Id. § 1380), when the machinery of their courts was to go in full and active operations, the salary belonging to the office did not commence until that day. Such a result could follow only the mistaken notion that a fixed salary belonging to a judicial office must be earned by the incumbent before it is recoverable by him. Such a salary is not measured by the duties the official actually performs or is called upon to perform, and is recoverable without regard to the labors imposed, or the manner of their performance. As the court said in Fitzsimmons v. City of Brooklyn, supra:

"We have often held that there is no contract between the officer and the state or municipality by force of which salary is payable. That belongs to him as an incident of his office, and so long as he holds it; and, when improperly withheld, he may sue for it and recover it. When he does so, he is entitled to its full amount, not by force of any contract, but because the law attaches it to the office."

Section 1374 of the charter provides that the justices of the municipal court shall constitute the board of justices on and after January 1, 1898, with power to elect a president, establish rules, etc., which shows that whatever duties were connected with the organization of the board devolved upon the plaintiff and his associates during the month of January, 1898, and these duties pertaining to their office were performed by them in convention assem-

bled. There is no variation in official salaries on account of light or heavy work, or the total absence of work,—a feature that may, perhaps have attracted some to official life, and led to the repeated use of that much-abused term, "sinecure."

There is no defense, and the plaintiff is entitled to judgment for $451.66, the salary from January 4, 1898, till February 1, 1898, with interest.