Richard S. Childs, Appellant, *v.* Robert Moses and Irving V. A. Huie et al., Respondents.*

First Department, December 21, 1942.

* Affg. 178 Misc. 828.

*Samuel D. Smoleff* for appellant.

*Jeremiah M. Evarts* of counsel (*William S. Lebwohl* with him on the brief; *William C. Chanler, Corporation Counsel*), for respondents.

DORE, J.  The issue is whether defendant Moses as Commissioner of Parks and defendant Huie as Commissioner of Public Works have vacated such offices by also accepting appointment as associate members of the City Planning Commission.

In a taxpayer's action under General Municipal Law, section 51 (Cons. Laws, ch. 24), Special Term denied plaintiff's motion for an injunction *pendente lite* restraining payment of defendants' salaries, granted defendants' cross-motion to dismiss the complaint, and entered judgment; plaintiff appeals.

Three causes of action are alleged against each of said defendants:  (1) on common-law prohibition against holding incompatible offices, (2) on the provisions of New York City Charter (1938) prohibiting multiple office holding, and (3) on Charter provisions requiring the head of a city department to devote full time to the duties of his office.

By chapter 2 of the Laws of 1934 the Legislature authorized the appointment of an unsalaried State Park Commissioner to the office of Commissioner of Parks of the City of New York and expressly provided that such commissioner should be eligible to hold any other unsalaried office filled by the appointment of the mayor.  The right of Commissioner Moses to hold other positions in addition to that of City Park Commissioner was challenged and received judicial approval in *Dieppe Corporation* v. *City of New York* (246 App. Div. 279).

Section 895 of the New York City Charter is a general provision prohibiting, with certain exceptions, city officers from

holding two offices. Subdivision b of section 531 of said Charter provides: " Nothing contained in section eight hundred ninety-five or any other provision of law shall be construed to prevent the appointment to the office of commissioner of parks of an unsalaried state park commissioner, nor shall such commissioner of parks be ineligible to hold any other unsalaried office filled by the appointment of the mayor."

New York City Charter section 895 provides: " * * * that the mayor may * * * authorize any other person holding office to accept a specified civil office, in respect to which no salary or other compensation is provided."

The City Charter (ch. 8), also established the City Planning Commission and fixed the salary of the chairman at $15,000 a year but did not prescribe any specific salary for any other member. In the final analysis of charter provisions relating to the Planning Commission, that body is an advisory agency; it cannot execute city powers or expend city funds without approval or acquiescence of the board of estimate.

Concededly the New York City budget provided no salary for the offices of associate members of the Planning Commission now occupied by defendants Moses and Huie, nor is there any express provision of law making mandatory the payment of salary to such members serving in such capacity. Accordingly the respective offices presently so filled by such defendants are in fact unsalaried.

On the issue of incompatibility, if the statute and the common-law rule can stand together, the statute should not be so construed as to abolish the common-law rule. (*Matter of Sullivan Co., Inc.*, 289 N. Y. 110, 115.) In this record, however, we see no incompatibility between the office of associate member of the Planning Commission and the offices now occupied by the named defendants as Commissioner of Parks and Commissioner of Public Works. The duties imposed upon these defendant commissioners are not inconsistent with the duties imposed upon the members of the City Planning Commission. On different facts showing essential incompatibility of the offices the ruling may be different, but in this as in all other aspects of the appeal, we restrict our holding to the facts presented in this record.

The charter provisions above quoted clearly show that in the appointment of these two defendants, there was no breach of the statutory prohibition against multiple office holding, indeed the Charter expressly authorized such appointments. Charter section 881, requiring the head of a department to give his whole time to his duties and not to engage " in any other occupation,

profession or employment," must be read in conjunction with Charter provisions of subdivision b of section 531 and section 895. In the case of defendant Park Commissioner the acceptance of the other office is expressly covered by subdivision b of Charter section 531; in the case of defendant, Commissioner of Public Works, by section 895. The Chairman of the Planning Commission is specifically made head of the City Planning Department under Charter section 191. Within section 881 he is the head of the department. Commissioners Moses and Huie, acting as associate members of the Planning Commission, are not heads of such department.

In *Matter of Natilson* v. *Hodson* (264 App. Div. 384) the Board of Estimate, after reciting Charter section 881, adopted a resolution that salaries should not be paid to employees in the Department of Public Welfare who were engaged in other occupations or employments. The mayor addressed a " ruling " to department heads directing them to advise their employees that it was contrary to the policy of the administration for civil service or other employees to accept private employment. The petitioner therein was dismissed for violating an executive order under such ruling. But this court unanimously reversed and directed that the employee be reinstated, as the Charter contained no provisions vesting the mayor or the board of estimate with power to make civil service rules or remove civil service employees for the reasons given. Obviously that case is neither in point nor controlling on the issues presented by this appeal.

The Special Term properly denied the motion for a preliminary injunction, and the issues involved being solely issues of law or undisputed matters of public record, also correctly granted defendants' cross-motion to dismiss.

The order and judgment appealed from should be affirmed, with costs.

MARTIN, P. J. (dissenting). The City Charter provides for a City Planning Commission to consist of the chief engineer of the board of estimate and six members to be appointed by the Mayor. Defendant Robert Moses was appointed a member of the Commission on or about November 23, 1941, and qualified by taking the oath of office on January 1, 1942. Defendant Irving V. A. Huie was appointed a member of the Commission on or about June 14, 1942, and qualified by taking the oath of office on June 18, 1942. At the time of the appointment and qualification, defendants Moses and Huie were, respectively, Commissioner of Parks and Commissioner of Public Works.

In this taxpayer's action, the plaintiff contends that by assuming the office of member of the City Planning Commission these defendants vacated the offices of Commissioner of Parks and Commissioner of Public Works and asks judgment restraining the payment of salary to them as such Commissioner of Parks and Commissioner of Public Works, respectively.

The City Charter by special provision permits the Commissioner of Parks to hold " any other unsalaried office filled by the appointment of the mayor." (§ 531, subd. b.) It also confers on the mayor power to " authorize any other person holding office to accept, a specified civil office, in respect to which no salary or other compensation is provided." (§ 895.)

Plaintiff urges that the City Planning Commission is designed to be an independent agency of the city government not subject to the authority or influence of the mayor except as to the latter's power to remove members of the Commission on charges after a hearing and that there is inconsistency between the office of member of the City Planning Commission and commissioner or head of a city department.

Section 881 of the Charter requires that the head of a city department must devote his whole time to his duties and that he shall not engage in any other occupation, profession or employment. The spirit of this section is not observed when the time of the department head is divided among any number of boards or commissions to which the mayor may see fit to appoint him. In *Matter of Natilson* v. *Hodson* (264 App. Div. 384), it is said (in the concurring opinion): " * * * when one person holds more than one position, the duties of both may be neglected. If a person properly performs his work in a position requiring full time there is little likelihood that he will have the time or energy to engage in any other employment." Of course, there we were speaking of the ordinary employee.

The report of the Charter Revision Commission, in describing the City Planning Commission, said in part: " * * * the function of planning and recommendation is given to a nonpolitical, *full-time body* whose decisions cannot be lightly overridden." (Tanzer, New York City Charter, p. 484.)

In his summary and analysis of the Charter, Tanzer states (p. 75): " The overlapping eight year terms are provided with a view to removing the members of the commission as far as possible from political control."

If it were intended that department heads would be made members of the Planning Commission, it would have been a very simple matter so to provide. That such was not the intention

may be found in the provision covering the Department of Housing and Buildings (§ 643), where, among the duties of that department head, is listed the duty of advising the City Planning Commission in respect to the improvement of housing conditions. The spirit of the Charter is not observed when department heads who are subject to removal by the mayor whenever in his judgment the public interest so requires, are appointed to the Planning Commission.

In view of the provisions of the Charter, the right of the plaintiff to the relief prayed for depends upon the answer to the query: Is the office of Commissioner of City planning a salaried office? The Charter provides: "§ 194. The salary of the chairman of the commission shall be fifteen thousand dollars a year. The salary of the chairman or of any other member other than the chief engineer of the board of estimate shall not be reduced during his term of office except in case of a general reduction of salaries and in proportion to reductions of salaries of other officers with similar salaries."

The provision that the salary of the chairman or any other members shall not be reduced except proportionately in case of a general reduction evidences an intention that the office shall not only be a salaried office but that the salary of the incumbent shall not be subject to budgetary manipulation. The office is either a salaried office or a non-salaried office; it cannot be both.

Ordinarily, when the Legislature intends that an office shall be an unsalaried one, it expresses that intention in the conventional language that the incumbent shall serve without compensation. The Charter itself, employing the conventional language, makes provision for many unsalaried offices. In the chapter governing the City Planning Commission in section 196 there is the provision that each Borough President shall appoint an advisory planning board of three members " who shall serve without compensation."

That it is a salaried commission and so recognized by the board of estimate is shown by the fact that in each year since the Charter providing for the City Planning Commission became effective, the budget provided for salaries of the appointed members. If they were not salaried officers, the board of estimate could not legally provide salaries therefor. Following the appointment of the Commissioner of Parks as a member of the Planning Commission and under date of March 18, 1942, the budget for 1941–42 was modified, effective January 1, 1942, so as to schedule his position as Planning Commissioner as a non-salaried position.

Following the appointment of the Commissioner of Public Works as a member of the Planning Commission and under date of June 18, 1942, the same budget was again modified, effective June 16, 1942, so as to schedule his position as Planning Commissioner as a nonsalaried position. The salaries for the other appointive members of the Commission were continued. In this anomalous situation, some members of the City Planning Commission receive a salary and other commissioners of equal standing receive no salary. In *Matter of Natilson* v. *Hodson* (264 App. Div. 384), it was pointed out that, under the guise of passing the budget, the budget-making authorities may not assume the power to legislate.

The term of office of the Planning Commissioners is eight years. Incumbents may, therefore, carry over from one administration to another of a different political make-up. Should there be such a change from the present administration, it is not likely that the defendants Moses and Huie would remain as members of the City Planning Commission and continue to waive their right to compensation. The succeeding mayor would in that event have the right to appoint new members of the Planning Commission, the intent of the Charter would be defeated and the Planning Commission could be made a political football.

The salary of a public officer is not a matter of contract. It is an incident of the office. (*Fitzsimmons* v. *City of Brooklyn,* 102 N. Y. 536; Mechem on Public Officers, § 855.) We know of no authority which holds that the character of an office may be changed simply by the incumbent's waiving one of the incidents. Under the provisions of section 531, subdivision b, and section 895 of the Charter, the mayor may appoint a salaried city officer to any other office which the law-making authority, having regard to the nature and duties of the office, has itself designated as nonsalaried. This power may not be changed and enlarged by the occasional waiver of the right to compensation.

The order and judgment appealed from should be reversed, the motion for an injunction *pendente lite* should be granted, and the cross-motion to dismiss the complaint denied.

GLENNON, COHN and CALLAHAN, JJ., concur with DORE, J.; MARTIN, P. J., dissents with opinion.

Judgment and order affirmed, with costs.