Jasen, J.
 

 Petitioner, a fireman employed by the City of New York, was charged in February, 1969 with unlawfully soliciting and accepting fees, recommending a contractor to remedy building violations (nine specifications) and making a statement with intent to deceive in that he denied to the Department of Investigation any source of 1967 income other than salary and rents. After a hearing, the petitioner was found guilty of all charges and he was dismissed from the fire department.
 

 In a CPLR article 78 proceeding commenced in July, 1969 challenging only the punishment imposed, Special Term granted the petition, vacated the fire commissioner’s determination on the ground that the punishment was excessive and remanded to the fire department for further consideration. On appeal to the Appellate Division, the judgment was modified to provide that the petitioner should be suspended for six months without pay. (35 A D 2d 693.) This court affirmed, one Judge dissenting (28 N Y 2d 962).
 

 In June, 1971, a judgment was entered at Special Term providing that petitioner should recover all wages due Mm as a fireman for the period commencing six months subsequent to the date of dismissal “ less 'any wages earned * * * in outside employment during such period”.
 

 Petitioner’s motion to resettle the judgment by striking the provision for deduction of outside earnings during the period
 
 *224
 
 in excess of the six months’ suspension was denied at Special Term. The Appellate Division, on constraint of Fitzsimmons v.
 
 City of Brooklyn
 
 (102 N. Y. 536) and
 
 Kaminsky
 
 v.
 
 City of New York
 
 (15 N Y 2d 500), reversed and granted the motion. We reverse.
 

 Assuming the continuing validity of the rule of the
 
 Fitzsimmons
 
 and
 
 Kaminsky
 
 cases, the situation before us is quite distinguishable. There the departmental findings of misconduct were overturned by the courts. Here, the commissioner’s finding that, petitioner was guilty of all charges, never seriously challenged by the petitioner, was sustained upon review by the Appellate Division and this court. Only the measure of punishment was affected. While the petitioner is entitled to be paade whole for the. period beyond the six-month suspension, he should not reap a windfall for, serious acts of misconduct affecting a public trust.. Hence, it is appropriate that outside earnings should be deducted from salary owing the petitioner for the period in excess of the suspension judicially imposed. Also, although not applicable or controlling here, we note that section 77 of the Civil Service Law permits such deductions for outside earnings, which is as it should be. (Cf.
 
 Matter of Lezette
 
 v.
 
 Board of Educ., Hudson, City School Dist.,
 
 35 N Y 2d 272, 283.)
 

 Accordingly, the order of the Appellate Division should be reversed and the order of the Supreme Court, New York County, reinstated.
 

 Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order reversed with costs, and the order of Supreme Court, New York County, reinstated.