JESSE MAY, Respondent, v GEORGE SHAW et al., Appellants.—In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of respondent John C. McClellan, made after a hearing, dismissing the petitioner from the Police Department of the City of Newburgh, the appeal is from a judgment of the Supreme Court, Orange County, dated August 12, 1976, which, inter alia, annulled the determination and directed that petitioner be reinstated. Judgment affirmed, without costs or disbursements. Petitioner-respondent, a lieutenant in the City of Newburgh Police Department, was charged with misconduct and suspended from duty pending a departmental hearing. While on suspension, he was called into police headquarters to be questioned by a deputy police commissioner. Pursuant to General Order, No. 10 of the department, petitioner was advised of his Miranda rights. He indicated his desire to have an attorney present and was told to contact one. However, petitioner stated that his attorney could not be contacted at that time, about 4:30 P.M., because he believed that the attorney would still be on trial in White Plains. He would not divulge his attorney's name. The deputy police commissioner immediately proceeded to advise petitioner that he was being granted use and derivative use immunity, and that refusal to answer any questions would result in immediate suspension and subsequent departmental charges. Nevertheless, petitioner refused to answer any questions without his attorney being present. Consequently, petitioner was suspended for a second time and charged with violating the general order. At the departmental hearing, the initial charges were dismissed, but petitioner was found guilty of the charges pertaining to his refusal to answer questions and he was dismissed from the department.

Petitioner contends that it was error for the deputy police commissioner to have proceeded with the questioning after he indicated a desire to have an attorney present, notwithstanding the grant of immunity. We agree. Petitioner was never given the opportunity to consult with his attorney in accordance with the department's general order which reads, in part, that "he [the officer] must be advised of his right against self-incrimination and his right to counsel as well as every other aspect of the 'Miranda Warning'." Once these rights have been conferred, the officer is free to act upon them. The question of waiver may not be considered until the officer has been accorded the rights to which he is entitled and indicates a desire not to act upon them. Petitioner herein, however, opted to exercise his rights. He therefore should have been given a reasonable opportunity to seek legal advice. Petitioner must be reinstated because the questioning was in violation of the department's own rules. Cohalan, J. P., Damiani, Rabin and Titone, JJ., concur.