OPINION OF THE COURT
John W. Sweeny, J.
In the petitioner’s present application for an order holding respondents in contempt for failure to abide by the provisions directing reinstatement and back pay set forth in the undersigned’s directive dated August 12, 1976 (87 Mise 2d 808, affd 58 AD2d 807), an issue has been raised concerning the applicability of the set-off provisions of section 77 of the Civil Service Law.
Section 77 provides in substance that upon reinstatement by court order, any officer who had been removed from his employment is entitled to receive back salary and compensation "less the amount of compensation which he may have earned in any other employment or occupation and any *142 unemployment insurance benefits he may have received during such period.”
Petitioner contends that the set off for outside income, etc., is not applicable to police officers.
Petitioner’s position is predicated on the continued viability of the 1886 decision of the Court of Appeals in Fitzsimmons v City of Brooklyn (102 NY 536).
In the two most recently reported cases of the Court of Appeals involving the effect of section 77 of the Civil Service Law upon the holding of that court in Fitzsimmons (supra), it was decided that the reasoning of Fitzsimmons was viable because section 77 was inapplicable to the facts of those cases. In Kaminsky v City of New York (15 NY2d 500), the decision of the Appellate Division (20 AD2d 692) was affirmed without opinion. However, the decision of the Appellate Division and the record on appeal to that court indicate that section 77 was inapplicable because the chapter of the laws in which it was enacted did not become effective until after that policeman’s erroneous dismissal. The court’s decision was therefore based on the provisions of the Administrative Code of the City of New York which did not provide for these section 77 set offs.
In Picconi v Lowery (36 NY2d 221), the court held section 77 inapplicable because the petitioner therein had not been reinstated (as the petitioner herein). Only the measure of that petitioner’s punishment had been considered and reduced by the court in Picconi.
However, in this case section 77 was in effect when petitioner was erroneously dismissed by the respondents and this court reinstated him. Accordingly, the set-off provisions of the enactment are applicable, as they should be (cf. Picconi, supra, p 224).
Therefore, the funds which petitioner earned during his illegal dismissal must be deducted from the amount of back salary due.
Another issue raised by this motion is the effect, if any, of petitioner’s receipt of public assistance during the time in question.
Petitioner alleges that he has already paid all of his earnings to the Department of Social Services and that he is required by law to repay the balance he has received from that department out of the proceeds due from respondents as back pay. He suggests that by permitting this set off to respondents he will twice be repaying the amount of his outside earnings.
*143 This court cannot agree that petitioner has repaid any funds to the Department of Social Services. The amount of his outside income was deducted from his public assistance grant as an item of available income. He never received the amount deducted, therefore he has not and should not be required to repay it. Therefore, this argument of petitioner is rejected by the court. He will be required, however, to repay the actual grant paid by the local agency over and above the amount of this available income.
Petitioner also contends that he is entitled to credit for: (1) annual allowances for clothing; (2) annual leave (vacation); and (3) annual sick leave.
Since petitioner was not employed and using his uniforms during most of his two-and one-half-years illegal suspension, the court believes that he is only entitled to one year’s allowance for clothing to compensate him for the four months he worked in 1975 and the four months he should have been working in 1977.
Since petitioner will be reimbursed a salary based on a full 52-week year, there is no justification for vacation credit over and above that full-pay reimbursement which in fact includes vacation pay. If petitioner is given additional credit, he will be receiving compensation in excess of his full salary and in excess of that received by other employees in the same salary grade.
Petitioner shall be entitled to sick leave credit up to the amount permitted by the collective bargaining agreement since respondents’ illegal acts should not deprive him of this element of compensation and contract benefit (Civil Service Law, § 77; cf. Matter of Me Ginigle v Town of Greenburgh, 59 AD2d 908; Matter of Ranni v Berger, 52 AD2d 607).
The court cannot and does not attempt to make any summary determination on this motion of the issue of respondents’ purported suspension of the petitioner immediately upon his reinstatement.
Accordingly, the motion is granted to the extent that respondents are hereby directed to give petitioner sick-leave allowance credit and to pay his back salary (plus one year’s present clothing allowance), less the amount of his outside earnings, within five days of service of a copy of this order with notice of entry accompanied by an affidavit attesting to the amount of the set off.