## (September 21, 1979)

■ FRANK JANOWSKI, Respondent, v CITY OF LACKAWANNA, Appellant.— Judgment unanimously affirmed, with costs. Memorandum: Plaintiff, a veteran police officer employed by defendant City of Lackawanna, was suspended from his job in September, 1969, when indicted on criminal charges of official misconduct. Concurrent charges for violating defendant's departmental regulations were also placed against plaintiff. Plaintiff was reinstated to his job in January, 1971, following his acquittal on the criminal charges. The departmental charges were resolved in April, 1972 when plaintiff pleaded to one minor violation and received a penalty of 30 days without pay, retroactive to his original suspension. When defendant refused to pay plaintiff the balance of back wages due based upon a dispute as to the amount owed, plaintiff commenced this action in October, 1976 against the city. The city, in affirmative defenses, maintains that plaintiff's claim is barred under a city charter provision that requires all contract actions against the city be commenced within one year from the time the cause of action accrued and secondly, since plaintiff was gainfully employed at another job during the period of suspension, he is not entitled to any additional compensation. On plaintiff's motion for summary judgment, Special Term granted judgment in his favor and appointed a Referee to compute the damages. Defendant city appeals. Defendant relies upon section 220 of the Charter of the City of Lackawanna (L 1909, ch 574) as barring plaintiff's cause of action as untimely. While that section once provided that "All actions brought against the city upon any contractual liability, express or implied, must be commenced within one year from the time that the cause of action accrued" that requirement was repealed by the adoption of a new charter, effective January 1, 1963 (City of Lackawanna Charter, § 15.11, Local Laws, 1964, No. 3). The charter now contains no provision comparable to section 220 limiting causes of action against the city. Defendant also contends that plaintiff is not entitled to back pay from the city because he earned wages from other employment during his period of suspension. We disagree and affirm Special Term. Any officer or employee removed from a civil service position, if acquitted, shall be restored to his position with full pay for the period of suspension less the amount of compensation for benefits which he may have received during such period *(Matter of Brayer v Lapple,* 52 AD2d 1034; Civil Service Law, § 75, subd 3; § 77). These provisions are designed to make one whole for such period of suspension, yet to prevent one charged with serious acts of misconduct affecting a public trust from reaping a windfall *(Picconi v Lowery,* 36 NY2d 221). It is undisputed that for 25 years plaintiff had also worked as a locomotive engineer at the Bethlehem Steel Plant and continued that job during his period of suspension. The Referee, after a hearing, determined that plaintiff did not earn additional revenues from his second occupation other than he had earned prior to the period of suspension. He therefore properly awarded him full

salary less that for the fixed 30-day penalty period as provided by statute. (Appeal from judgment of Erie Supreme Court—recovery of loss of salary and benefits.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.