■ In the Matter of SOUTH TOWN POLICE CLUB, INC., et al., Respondents, v TOWN OF HAMBURG et al., Appellants. [700 NYS2d 924] —Judgment unanimously reversed on the law without costs and amended petition dismissed. Memorandum: This CPLR article 78 proceeding in the nature of prohibition arises from respondents' attempt to question petitioner Louis J. Billittier outside the presence of his attorney concerning allegations of misconduct in his employment as a Town of Hamburg police officer. "Prohibition does not issue where the grievance can be redressed by ordinary proceedings at law or in equity, such as by appeal, motion or other ordinary applications" (Matter of Dondi v Jones, 40 NY2d 8, 14, rearg denied 39 NY2d 1058). There is an adequate remedy at law in the event that respondents discipline a police officer for refusing to cooperate with a misconduct investigation (see, e.g., May v Shaw, 58 AD2d 807, lv denied 42 NY2d 808; see also, McGillicuddy v Monaghan, 280 App Div 144). (Appeal from Judgment of Supreme Court, Erie County, Glownia, J.—CPLR art 78.) Present—Denman, P. J., Pine, Hayes, Wisner and Balio, JJ.

■ MARSHA L. MINKLER, Appellant, v ROY D. MINKLER, Respondent. [700 NYS2d 923] —Judgment insofar as appealed from unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiff appeals pro se from five decretal paragraphs concerning financial matters in a judgment of divorce entered without either a signed agreement or the taking of sworn testimony. Although defendant took a cross appeal, he neither perfected it nor filed a respondent's brief. The informal procedure used, apparently involving a lengthy conference in chambers with the Judge, plaintiff, defendant's attorney and the Law Guardian, followed by further discussion and rulings by the court on the record, is without legal validity. Thus, we reverse the order insofar as appealed from and remit the matter to Supreme Court for resolution of those issues either by an agreement in a form that would comply with Domestic Relations Law § 236 (B) (3) if made before or during the marriage or on the basis of sworn testimony. (Appeal from Judgment of Supreme Court, Erie County, NeMoyer, J.—Matrimonial.) Present—Denman, P. J., Pine, Hayes, Wisner and Balio, JJ.