■      LINO PICCONI, Appellant, v. ROBERT LOWERY, Respondent.— Order Supreme Court, New York County, entered May 1, 1972, denying appellant's motion to resettle judgment entered June 14, 1971, by striking therefrom the provision that back pay be subject to reduction for moneys earned during the period of suspension in excess of six months reversed, on the law, without costs and without disbursements, and the motion granted, and the judgment entered June 14, 1971, resettled to the extent of striking therefrom the provision that back pay be subject to reduction for moneys earned during the period of suspension in excess of six months. We can see no legal distinction between the instant application and the determinations in *Fitzsimmons* v. *City of Brooklyn* (102 N. Y. 536) and *Kaminsky* v. *City of New York* (15 N Y 2d 500), and on constraint of those decisions we delete the provision in the judgment which allows deduction from petitioner's back pay during the period in excess of the period of suspension for moneys earned during that period. Concur — Markewich, J. P., Murphy, Steuer and Tilzer, JJ.; Kupferman, J., dissents in the following memorandum: Charles Dickens in chapter 51 of Oliver Twist stated as follows: "If the law supposes that," said Mr. Bumble  *  *  *  "the law is a ass, a idiot." I have tried not to concur in such judgment. (See dissent in *People* v. *Carter*, 39 A D 2d 537, revd. 31 N Y 2d 964.) Whether the case of *Fitzsimmons* v. *City of Brooklyn* (102 N. Y. 536), as followed in *Kaminsky* v. *City of New York* (20 A D 2d 692, affd. without opn. 15 N Y 2d 500), states a valid conclusion in the light of the public policy indicated by the New York State Legislature in section 77 of the Civil Service Law is now for the Legislature to consider. However, we need not follow these cases blindly to reach an absurd result. Section 77 of the Civil Service Law states that a public employee who is removed from a position and later restored shall be entitled to receive "the salary or compensation which he would have been entitled by law to have received in such position but for such unlawful removal, from the date of such unlawful removal to the date of such restoration, less the amount of compensation which he may have earned in any other employment or occupation and any unemployment insurance benefits he may have received during such period." That is as it should be. However, the *Fitzsimmons* and *Kaminsky* cases (*supra*) seem to indicate that such employee is entitled to receive such salary and also to keep whatever other compensation may have been earned on the outside during the period involved. Both of those cases involved policemen, and while the instant case involves a fireman, I make no

distinction on that basis, although it has been argued by the city that the nature of a fireman's position is not such that a salary is attached to it as an incident of an office. The fireman in this case was dismissed for good cause. This court "in the exercise of discretion" reduced the punishment to suspension for a period of six months. (*Matter of Picconi* v. *Lowery*, 35 A D 2d 693, affd. without opn. 28 N Y 2d 962) with Jasen, J., dissenting in view of the serious charges. The court at Special Term, in resettling the order, refused to eliminate from the judgment that portion which provided that the fireman get back pay "less any wages earned by the petitioner-respondent on outside employment during such period". The effect of the majority determination is to grant a reward for bad behavior. In addition to the receipt of back pay for a period beyond the six-month suspension, the fireman may keep whatever additional earnings he may have had. He is not simply being restored, he is gaining a windfall. In other words, he eats his cake and has it, too. While this can be justified where he was prevented from working through no fault of his own, it cannot apply in the instant situation. The order below should be affirmed.