■ In the Matter of SHAMEEKA W., a Person Alleged to be a Juvenile Delinquent, Respondent. PRESENTMENT AGENCY, Appellant. [755 NYS2d 82] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of the Family Court, Kings County (Pearce, J.), dated October 30, 2001, which dismissed the petition.

Ordered that the order is reversed, as a matter of discretion, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings in accordance herewith.

The respondent initially appeared in court on August 3, 2001. On the adjourned date for the fact-finding hearing, September 7, 2001, she did not appear, and a bench warrant was issued. It was subsequently vacated when the respondent voluntarily appeared on September 10, 2001. The hearing was then rescheduled for September 18, 2001. On that date, the complainant was present at 9:30 A.M. However, by the time the respondent finally appeared at 12:50 P.M., the complainant had left. The presentment agency was granted an adjournment after the respondent offered an excuse for her absence, and the respondent waived her rights pursuant to *Matter of Frank C.* (70 NY2d 408) "until the next court date," which was October 30, 2001. The Family Court explicitly told the parties that the matter was on for 9:30 A.M. on October 30, 2001.

On October 30, 2001, the case was called at 11:00 A.M. At that time the presentment agency was ready to proceed, and the complainant was present. However, the respondent had not arrived by 10:30 A.M., and at 11:00 A.M., was still not in the courtroom. Counsel for the presentment agency stated that it was her understanding that the respondent was then conferring with her counsel elsewhere in the courthouse. At that point the Family Court directed the parties to step out, stating that the matter would be recalled.

At 4:40 P.M. the Family Court recalled the case. However, by that time the complainant was no longer present. According to counsel for the presentment agency, and not disputed by counsel for the respondent, the respondent was not present at 10:30 A.M., even though this matter had been explicitly placed on the day's calendar for a 9:30 A.M. calendar call. While the complainant was present at 9:30 A.M., she had finally left at 4:20 P.M., as she had to go to school to pick up her homework, since this was the second day she missed school due to her presence in this matter. At that time, the presentment agency requested a so-called "good cause adjournment." Finding good cause had not been established, the Family Court dismissed the petition.

An issue is presented as to whether the presentment agency had to show the existence of special circumstances pursuant to Family Court Act § 340.1 (6) in order to obtain the adjournment, since it had previously requested an adjournment, which was consented to. However, we need not decide that issue since, in any event, under the circumstances of this case the presentment agency met the special circumstances test for successive motions to adjourn a fact-finding hearing (*see Matter of Nakia L.*, 81 NY2d 898, 901).

Unlike the respondent, the complainant in this matter complied with the Family Court's directions to be present at 9:30 A.M., in every instance. Then on two occasions, including October 30, 2001, this matter was unable to go forward as scheduled due to the respondent's late arrival in court. To now uphold the dismissal would effectively reward the respondent for her own improper behavior (*see Matter of Carlos T.*, 187 AD2d 38, 41; *Picconi v Lowery*, 43 AD2d 928, 928-929 [dissenting opn], *revd* 36 NY2d 221). Accordingly, the Family Court improvidently exercised its discretion in denying the presentment agency's request for an adjournment.

In light of this determination, we need not reach the appellant's remaining contentions. Florio, J.P., Krausman, Townes and Crane, JJ., concur.