■ In the Matter of JAMEL C., a Person Alleged to be a Juvenile Delinquent, Respondent. PRESENTMENT AGENCY, Appellant. [755 NYS2d 97] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of the Family Court, Kings County (Pearce, J.), dated February 14, 2002, which dismissed the petition.

Ordered that the order is reversed, on the facts and as a matter of discretion, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings in accordance herewith.

The respondent and another were charged with acts which, if committed by an adult, would constitute the crimes of attempted assault in the second degree, assault in the third degree, attempted assault in the third degree, and criminal possession of a weapon in the fourth degree. The respondent initially appeared in Family Court on August 13, 2001, at which time a fact-finding hearing was scheduled for September 21, 2001. On that adjourned date, both juveniles waived their speedy trial rights and were granted an adjournment to November 5, 2001. On that date, the presentment agency and its two witnesses were ready to proceed. The respondent requested an adjournment to negotiate a disposition, and again waived her speedy trial rights. The matter was adjourned to December 5, 2001. Both witnesses in support of the petition were in attendance on that date. The respondent changed attorneys, and the case was again adjourned, at her request and upon her waiver of her speedy trial rights, to January 14, 2002. The respondent asked yet again for an adjournment to obtain the school records of the complainant. The Family Court granted the request and adjourned the hearing to February 14, 2002, marking it final against the respondent. At the same time the Family Court directed the presentment agency to be ready on penalty of dismissal.

On February 14, 2002, the presentment agency asked for an adjournment because the school authorities, to which a subpoena had been faxed, would not release the complainant to come to court unaccompanied by an adult. The complainant's legal guardian, her grandmother, was unavailable because she

was responding to a jury summons. The complainant's aunt, the second witness on which the presentment agency was relying, was unable to obtain leave from her responsibilities as a nurse. The grandmother had made no other arrangements to bring the complainant to court because she assumed the case would be adjourned yet again. The Family Court denied the presentment agency's request for an adjournment, finding no special circumstances, and dismissed the petition. We disagree.

The requested adjournment, albeit this time by the presentment agency, was nonetheless a successive adjournment requiring a demonstration of special circumstances (*see* Family Ct Act § 340.1 [6]; *Matter of Nakia L.,* 81 NY2d 898, 901; *Matter of Randy K.,* 77 NY2d 398, 402). Special circumstances consist of those for which the presentment agency could not have anticipated or planned (*see Matter of David W.,* 241 AD2d 388, 391; *Matter of Anthony H.,* 219 AD2d 436, 443), and they must be evaluated sensibly and reasonably (*see Matter of Jamar A.,* 86 NY2d 387, 391-392).

Under the circumstances of this case, we find that the complainant, her grandmother, her aunt, and the presentment agency had no intent to abandon the prosecution of this proceeding. The prior history of adjournments at the request of the respondent, including two dates at which the witnesses were present in court and ready to proceed, gave the grandmother reason to assume that the matter would be adjourned again, and it was reasonable for the grandmother to send the complainant to school on February 14, 2002. The presentment agency acted with due diligence in trying to secure the attendance of its witnesses on that date. The excuses advanced for an adjournment were reasonable and unavoidable. Accordingly, special circumstances existed warranting the adjournment (*see Matter of Shameeka W.,* 300 AD2d 594; *Matter of Irene B.,* 244 AD2d 226; *Matter of Carlos T.,* 187 AD2d 38, 42). Santucci, J.P., Krausman, Adams and Crane, JJ., concur.