■ GOLDIE PAPOUTSIS, Appellant, v NOV TRANS. CORP. et al., Respondents. [766 NYS2d 52] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (O'Donoghue, J.), dated August 13, 2002, which, upon granting the defendants' separate motions pursuant to CPLR 4401 for judgment as a matter of law at the close of the plaintiff's case, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is reversed, on the law and as a matter of discretion, with costs, the motions are denied, the complaint is reinstated, and a new trial is granted.

It is undisputed that on two occasions the plaintiff served a police officer, whose testimony was crucial to her case, with a subpoena to appear at the trial. The plaintiff produced the process server in court to attest to service; the trial court accepted the affidavits of service as court exhibits and the process server was released.

The trial court ruled that the testimony of this officer was required to establish a foundation for the admission of the police report, which contained an admission by the defendant Ghulam Murtaza that his vehicle struck the plaintiff's vehicle. The trial court initially ruled that other statements by the

defendants in the police report were also admissible as admissions on the ground that the defendants had cross-claimed against each other. However, the trial court suggested that the defendants withdraw their cross claims against each other "to simplify this for everyone," and when the defendants complied, those other statements were ruled inadmissible.

When the police officer failed to appear as scheduled the court granted the plaintiff an adjournment from 12:00 noon to 2:00 P.M. to produce the officer. The plaintiff's counsel left a message at the precinct asking the officer to call the courtroom and stayed in the courtroom over lunch break awaiting the officer's call.

At 2:00 P.M. the plaintiff's counsel noted that the officer had not called and had failed to appear. The plaintiff's counsel said "Again, I request the Court to please call the precinct" to secure the officer's compliance with the subpoenas. The trial court responded to counsel's request by asking the defense counsel "Of course the defense would object to that, right?", received the requested objections, and refused to call the precinct.

The trial court denied the plaintiff any further continuance, on the ground that "I have given you all day up until this hour to bring in the police officer. He's not here, he apparently is not coming." The defendants' separate motions pursuant to CPLR 4401 for judgment as a matter of law were granted.

Under the circumstances of this case, the trial court's denial of a continuance constituted an improvident exercise of discretion (*see Matter of Jamel C.,* 302 AD2d 457 [2003]; *Halloran v Spina Floor Covering,* 185 AD2d 149 [1992]). It is clear from the record that the plaintiff exercised "diligence and good faith to secure the attendance of [the] witness" who was material and necessary to her case (*Halloran v Spina Floor Covering, supra* at 149). We note that consent of an adversary is not required for aid in enforcement of a subpoena (*see* CPLR 2308; *McNulty v McNulty,* 81 AD2d 581, 582 [1981]). Accordingly, we grant the plaintiff a new trial.

The plaintiff's remaining contentions are without merit or need not be addressed in light of our determination. Altman, J.P., Goldstein, Adams and Mastro, JJ., concur.