The appeal from so much of the order of disposition as placed the appellant in the custody of the New York City Administration for Children’s Services for a period of 12 months has been rendered academic, as the period of placement has expired (see Matter of Stanley F., 76 AD3d 1067, 1068 [2010]).
Contrary to the appellant’s contention, he was not deprived of a speedy fact-finding hearing, as required by Family Court Act § 340.1 (1). The Family Court providently exercised its discretion in finding “good cause” to justify the initial adjournment of the fact-finding hearing (Family Ct Act § 340.1 [4] [a]; see Matter of Randy K., 77 NY2d 398, 400 [1991]; Matter of Jamell H., 219 AD2d 531 [1995]). Although it is unpreserved *767 for appellate review, we reach, in the interest of justice, the appellant’s challenge to the Family Court’s second adjournment of the fact-finding hearing, which was for one day (cf. CPL 470.05 [2]; 470.15 [1], [6] [a]). Contrary to the appellant’s contention, special circumstances existed to warrant the Family Court’s second adjournment of the fact-finding hearing (see Family Ct Act § 340.1 [6]; Matter of Jamel C., 302 AD2d 457, 458 [2003]; cf. Matter of Nokia L., 81 NY2d 898, 901 [1993]; Matter of Frank C., 70 NY2d 408, 414-415 [1987]; Matter of Paul W., 96 AD3d 426, 427 [2012]). These circumstances included the failure of the appellant’s mother to appear in court, a fact of which the Family Court was not timely notified, the resulting need to appoint a guardian ad litem for the appellant, and the guardian ad litem’s scheduling conflicts that prevented him from being present for a fact-finding hearing on the first adjourned date. Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.